ROBERTSON v. PHILLIPS.

1. APPEAL AND ERROR—DISMISSAL OF APPEAL—JUDGMENT—RES JUDICATA—LAW OF THE CASE.

Upon dismissal of appeal in suit to recover sum paid·upon purchase price of real estate and to obtain a lien thereon, all questions in regard to the correctness of the decree, the election of remedies and as to right to trace the fund into new investments which plaintiff claimed had been made with the fund and turned over to another party became *res judicata* and established the law of the case.

2. TRUSTS—TRACING FUNDS—EVIDENCE—UNJUST ENRICHMENT.

On supplemental petition to follow investment made by one defendant of funds plaintiff had paid another defendant on contract to purchase land of which such latter defendant's title proved to be defective, record substantiated that plaintiff's payment was used to purchase certain other property by such other defendant with full knowledge of the source of the money, that plaintiff's would-be vendor had some interest in both properties and that deeds were given to complicate the title and make it impossible for plaintiff to recover his money, that such vendor was insolvent and had no other property and that the other defendant was unjustly enriched by transfer for a wholly inadequate consideration.

3. SAME—JUDGMENT—RES JUDICATA.

Question as to whether or not plaintiff on supplemental petition to trace trust funds was an ordinary creditor of insolvent defendant to whom he had made a payment under land contract *held*, determined by dismissal of appeal from original decree authorizing plaintiff to trace the fund.

4. SAME—CONSTRUCTIVE TRUSTS—EVIDENCE.

Constructive trust of sum paid by plaintiff as part of purchase price under contract to purchase land of which the payee had only a defective title, together with interest thereon, *held*, es-

Effect of judgment as involuntary transfer of title, see Restatement, Judgments, § 89, and comment a; § 110.

tablished as to another defendant who was the vendor's daughter and to whom property purchased by such fund was conveyed for a wholly inadequate consideration with full knowledge of the source of the fund and who was unjustly enriched thereby.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted May 9, 1945. (Docket No. 85, Calendar No. 43,024.) Decided June 4, 1945.

Supplemental petition by James N. Robertson against Frances Phillips, Veronica Phillips, and Julia Girard to follow money into property of Julia Girard in accordance with decree. Supplemental decree for plaintiff. Defendant Girard appeals. Affirmed.

*Crawford S. Reilley,* for plaintiff.

*Raymond A. Fox,* for defendant.

BUTZEL, J. On May 8, 1936, plaintiff James N. Robertson entered into a contract to purchase property on East Jefferson avenue, Detroit, Michigan, from Frances Phillips, a defendant. He paid $2,000 on the purchase price. The title proved defective as she had only a life interest in the property. Because she was 84 years of age, her expectancy was very short. There were also other serious defects in the title. He brought suit to recover the $2,000 paid, but when he discovered that Mrs. Phillips had conveyed the property and that her daughters Veronica Frances Phillips and Julia Girard, codefendants, were interested, the suit was discontinued. Plaintiff thereupon filed a bill in chancery, making both Mrs. Phillips and her daughters Veronica Phillips and Julia Girard codefendants. On May 29,

1941, the court entered a decree in plaintiff's favor, holding that the sum of $2,000 and interest amounting to $500 was due him from Frances Phillips, ordered execution and gave him a lien on the property which he had sought to purchase. The decree also provided that:

"It is further ordered, adjudged and decreed that the plaintiff may file a supplemental petition herein to follow the investment as testified to by Julia Girard, one of said defendants, of the sum of $2,000 paid by plaintiff James N. Robertson to Frances Phillips at the time of the execution of the sales contract in the bill of complaint particularly mentioned, enabling plaintiff to follow that specific sum into whatever property or fund in which it may now be found."

An appeal was taken from the decree but it was subsequently dismissed in this court. The record in the main case is not before us. All questions in regard to the correctness of the decree, the election of remedies, the holding that plaintiff might investigate and trace the investment of the $2,000, which he claimed had been put into the form of a new investment and turned over to Julia Girard, became *res judicata* and established the law of the case.

On July 14, 1941, in accordance with the decree, plaintiff filed a supplemental petition setting forth the portion of the decree hereinbefore quoted and alleging that the sum of $2,000 originally paid by plaintiff had been used to purchase property known as lot 485 of Windmill Point Subdivision, et cetera, of the village of Grosse Pointe Park, that the property had been purchased in the name of Frances Phillips, the deed being dated May 29, 1936, and that on February 11, 1937, Mrs. Phillips conveyed the property to Julia Girard for one dollar and

other valuable considerations. The testimony shows that on May 22, 1936, Frances Phillips had deposited the $2,000 in a Detroit bank, and that on June 1, 1936, 10 days later with Sunday and Decoration Day intervening, she had withdrawn $2,047.50, the latter date being just one day before the deed to lot 485 was recorded. The record further indicates that Mrs. Phillips began building a home on the premises, and that the $2,000 which she had received from plaintiff was used to purchase the lot. Miss Girard when asked whether the $2,000 was used to acquire the lot stated, "Well, she bought the lot. As to whether with this particular money, I suppose she did." It further shows that Mrs. Phillips deeded the property to Julia Girard without adequate consideration so that the latter obtained the title to the property purchased with plaintiff's $2,000. It shows that later Julia Girard mortgaged the property to another bank for $4,800 and this money was placed in the bank in an account carried in the names of Mrs. Phillips and Veronica Phillips. The property was deeded by Miss Girard, who remained the actual party in interest, to a third sister not a party to the litigation, who sold it to a bona fide purchaser without notice of any claims of plaintiff. When Miss Girard was asked: "You didn't have any money of your own in the property?" She first replied: "Well, I know, but I was responsible for that mortgage at the bank." The property was sold for a large sum, the bank was paid, and the mortgage was discharged. The record substantiates the judge's findings that the $2,000 paid by plaintiff was used to purchase the lot on which a house was built, and that Miss Girard had practically no investment in the property. It also substantiates the finding of the judge that some title to both properties was in Mrs. Phillips, that

deeds were given in order to complicate the title and make it impossible for plaintiff to recover the money that was paid by him and which the court in its first decree held might be followed. Miss Girard presented the book in which she kept some record of the expenditures she had made on account of the house and lot, testifying at first that the entries in the book were made at the time of the expenditures. The book itself indicated that it was not a book of original entries but was made up for the purpose of the lawsuit. The judge became so indignant that he told Miss Girard that he could not believe her and intimated that she was guilty of perjury. The record also showed that Mrs. Phillips was insolvent and had no other property.

The case presents questions of fact. The judge saw the witnesses and judged their credibility, although with the exception of the register of deeds, the only other witnesses for plaintiff were called under the statute * as adverse witnesses. The testimony fully justifies the judge's conclusions. The statement of questions involved, as presented in appellants' brief, mainly presents questions of fact. We find that the $2,000 was traced to the Windmill Point property conveyed by Frances Phillips to Julia Girard without any adequate consideration and with complete knowledge by the latter of the facts. It is claimed that Miss Girard paid in excess of $4,800, the proceeds of the mortgage, to Frances Phillips but the mortgage was obtained upon the latter's property which was placed in the name of Julia Girard. It was shown and admitted by Miss Girard that the bank only loaned half of the estimated value of the property offered as security, and it follows that at the time of the transfer, the property was worth $9,600 or

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—RE-PORTER.

thereabouts.   Miss Girard was unjustly enriched by the $2,000 which could be traced to her.

This was not an ordinary judgment creditor's bill, but was a concurrent remedy granted by the court as part of the general relief asked for in the main case and the purpose of which was to trace and collect the $2,500 decree.   The record indicates that this amount could not be collected from Frances Phillips as she had no property of any value. While there was a levy made on the first lot for the purchase of which plaintiff had made the deposit of $2,000, it appeared that Frances Phillips had disposed of her interest in the property and there was nothing to sell under the levy.   It is not shown that a sale was even attempted, for such effort would have been futile.   The proofs did establish that Julia Girard was unjustly enriched by the conveyance of property from Frances Phillips to her for a wholly inadequate consideration, if any at all, and that under the facts of the case, plaintiff had a right to look to her to satisfy his claim.   Appellant claims that plaintiff became an ordinary creditor of the defendant Frances Phillips and, as such, had no right to claim his indebtedness was represented by a trust fund that had been conveyed by Frances Phillips to Julia Girard.   This question was determined in the main case and upon the appeal thereof being dismissed, it became the law of the case and now cannot be attacked.   While fraud was not alleged in the original bill of complaint in regard to the second piece of property, the record established constructive fraud, and the bill of complaint could be amended at any time.   The supplemental bill was on the theory of a constructive fraud, which was shown by the testimony.   The quoted section of the first decree gave plaintiff the right to follow the $2,000 into whatever property or fund it might be found if it were possible to trace

it. This was determined and the court was correct in holding Miss Girard liable for the sum of $2,500 by which she was unjustly enriched and which sum could be traced into property which she has sold for a large sum of money.

The decree of the trial court is affirmed, with costs.

STARR, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.